PAN AMERICAN PETROLEUM CORPORA-
TION et al., Petitioners,

v.

TEXAS PACIFIC COAL & OIL COMPANY
et al., Respondents.

No. A–7237.

Supreme Court of Texas.

May 13, 1959.

L. A. Thompson, Tulsa, Okl., J. K. Smith, Fort Worth, Turner, Rodgers, Winn, Scurlock & Terry, Lon Sailers, Dallas, Frank Ashby, Midland, for petitioners.

Stubbeman, McRae, Sealy & Laughlin, Midland, Hudson, Keltner & Sarsgard, Joe Bruce Cunningham, Ft. Worth, for respondents.

PER CURIAM.

The Court of Civil Appeals has dismissed petitioners' appeal, holding that the summary judgment granted by the trial court in favor of respondents and against petitioners on one phase of the case is interlocutory and not appealable. 320 S.W.2d 915. No severance was ordered by the trial court, but petitioners say that the case involves two entirely separate, severable and independent causes of action, and that the summary judgment disposes of all issues and parties involved in one cause of action. They argue that under such circumstances the granting of the motion for summary judgment effectively severed the two causes of action by implication, and that the judgment is therefore final and appealable.

While there is authority for the argument advanced by petitioners, Richards v. Smith, Tex.Civ.App., 239 S.W.2d 724 (wr. ref. n. r. e.); Riggs v. Bartlett, Tex.Civ.App., 310 S.W.2d 690 (wr. ref. n. r. e.), we do not think the finality and hence the appealability of a judgment should be made to turn upon whether the action is severable as to issues, as to parties, or as to causes of action. The confusion and uncertainty involved in the application of such a rule outweigh any advantages which might result therefrom. In our opinion a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. Gallaher v. City Transp. Co.,

Tex.Civ.App., 262 S.W.2d 807 (wr. ref.); Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173 (no writ). In the absence of an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case.

The application for writ of error is refused, no reversible error.

HAMILTON, J., not sitting.