Bianca Marina PODGOURSKY, Appellant,

v.

Mary Babicki PODGOURSKY, Appellee.

No. 14354.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 18, 1964.

Lang, Byrd, Cross, Ladon & Oppenheimer, San Antonio, for appellant.

Brown, Daniels, Reeves & Davila, San Antonio, for appellee.

PER CURIAM.

This is an appeal from a partial summary judgment and severance granted on July 7, 1964, in a suit filed by Bianca Marina Podgoursky, individually and as next friend of Elaine Marina Podgoursky, a minor, against Mary Babicki Podgoursky, individually and as independent executrix of the estate of Ivan Podgoursky, deceased. By this suit, appellant asserted rights in the estate of deceased.

Appellee has filed her motion to dismiss the appeal and urges that the partial summary judgment is not appealable. She asserts that although it disposed of appel-

**456**

lant's claim to a community interest in the estate, it did not dispose of, and therefore still leaves open, appellant's allegation that appellant and deceased, through joint venture, joint effort, or partnership, acquired property together and therefore appellant has an interest in the property of the estate through a constructive trust.

Appellant concedes that a fact issue is involved by this allegation, but in her reply to appellee's motion to dismiss, stipulates that she, appellant, does not base any of her claimed property rights upon a meretricious relationship between her and Ivan Podgoursky, deceased. She urges that this stipulation made the partial summary judgment a final judgment. The question presented is whether this stipulation, together with the partial summary judgment, makes the latter a final judgment from which an appeal may properly be taken to this Court.

In Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200, the Supreme Court said: "In our opinion a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court."

The determination of whether the judgment was final must be made as of the time of the entry of same and this determination is not aided by the stipulation made in this Court in reply to the motion to dismiss. Although there was a severance entered in connection with the partial summary judgment, the court did not sever as to, nor dispose of, all the issues before it in connection with appellant's claims. The judgment was therefore interlocutory and not appealable.

Appellant will have her right of appeal when, and not before, the interlocutory summary judgment is merged in a final judgment disposing of the whole case. Appellee's motion is granted and the appeal dismissed.