**SPACE CITY TRANSPORT, INC.,**
**Appellant,**

v.

**LOCKWOOD NATIONAL BANK OF HOUSTON et al., Appellees.**

No. 15225.

Court of Civil Appeals of Texas.
Houston (1st Dist.).

Feb. 8, 1968.

Fly, Cory, Moeller & Stevenson, Victoria, W. S. Fly, Victoria, of counsel, Henry S. Coltzer, James C. Brady, Galveston, for appellant.

J. Eugene Clements, Robert A. Hall, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellees.

PEDEN, Justice.

Appellees have moved to dismiss for want of jurisdiction on the grounds that the orders appealed from are interlocutory.

Appellant, Space City Transport, Inc., filed suit against the bank, its president, Arthur Hoehn, and two others, Bill Berry and Eugene Davis, alleging breach of contract and conversion. The bank and Mr. Hoehn filed a third-party complaint against R. L. Biaza and J. W. Copeland whom it described as officers of Space City, and a counter-claim against Space City. Defendants Berry and Davis filed answers but did not participate in the filing by the bank and defendant Hoehn of written interrogatories addressed to Space City; nor did defendants Berry and Davis join in the motion by the bank and defendant Hoehn to dismiss the petition of Space City based on Space City's failure to answer certain of such interrogatories. The motion was granted and the following order signed:

"BE IT REMEMBERED that on May 17, 1967, at a regular term of this Court, came on to be heard Defendants' Motion to Dismiss Plaintiff's Petition in the above entitled and numbered cause, and thereupon came the defendants, Lockwood National Bank of Houston and Arthur Hoehn, by and through their attorneys of record, and the plaintiff, Space City Transport, Inc., by and through its attorneys of record, and all parties having due notice of said hearing, said Motion

was presented and argued to the Court by counsel for the defendants and by counsel for the plaintiff, and the Court having duly considered said Motion and being of the opinion said Motion should be granted and sustained; it is, accordingly, ORDERED, ADJUDGED, and DECREED as follows:

### I.

"Defendants' Motion to Dismiss Plaintiff's Petition is granted and Plaintiff's Original Petition on file herein is, therefore, dismissed with prejudice.

### II.

"The dismissal of Plaintiff's petition herein is without prejudice to the continued maintenance and prosecution of defendant's counterclaim against the plaintiff as cross-defendant and is without prejudice to third-party actions of the defendant Lockwood National Bank against the third-party defendants R. L. Biaza and J. W. Copeland.

### III.

"Defendants Lockwood National Bank and Arthur Hoehn shall have and recover of and from Space City Transport, Inc. the sum of One Hundred ($100.00) Dollars as reasonable attorneys' fees for the procurement of this Order, pursuant to Rule 215a(a) of the Texas Rules of Civil Procedure.

### IV.

"Costs of Court are adjudged against the plaintiff for which let execution issue if not seasonably paid.

"To all of which the plaintiff in open court excepted and objected and gave notice of appeal to the Court of Civil Appeals for the 1st Supreme Judicial District of Texas.

"SIGNED this 25th day of May, 1967."

Soon thereafter Space City responded to the interrogatories and promptly filed a motion to reinstate its cause of action. Hearing on the motion was held more than thirty days after May 25, 1967; the order denying the motion is set out as follows:

"BE IT REMEMBERED that on June 26, 1967, at a regular term of this Court, came on to be heard Plaintiff's Motion to Reinstate in the above entitled and numbered cause, and thereupon came the plaintiff, Space City Transport, Inc., by and through its attorneys of record, and thereupon came the defendants, Lockwood National Bank of Houston and Arthur Hoehn, by and through their attorneys of record, and all parties having due notice of said hearing, said motion was presented and argued to the Court by counsel for the plaintiff and by counsel for the defendants, and the Court having duly considered said motion and being of the opinion said motion should be dismissed for want of jurisdiction; it is, accordingly ORDERED, ADJUDGED, AND DECREED as follows:

### I.

"Plaintiff's Motion to Reinstate is hereby denied and dismissed for want of jurisdiction, to which order Plaintiff excepted and gave notice of appeal.

"SIGNED this 10th day of July, 1967."

This appeal is from the order of denial and of dismissal for want of jurisdiction.

Appellees' motion to dismiss the appeal asserts that the quoted orders are interlocutory and not subject to appeal because neither is dispositive of all the issues or parties in the cause.

The motion to dismiss, which was granted by the order signed on May 25, 1967, was filed on behalf of defendants, Lockwood National Bank and Arthur Hoehn, only, so it does not dispose of plaintiff's cause against defendants, Berry and Davis. The order expressly states that the dismissal of plaintiff's petition is without prejudice to the continued maintenance and prosecution of defendant's counterclaim against Space City as cross-defendant and of the third-party actions of the bank against Biaza and Copeland.

The orders do not recite or imply that there was any severance of the parts of the cause which were dismissed. Such orders do not dispose of all the parties and the issues, so they are interlocutory and are not appealable. Pan American Petroleum Corp. v. Texas Pacific Coal and Oil Co., 324 S.W.2d 200, Tex.Sup.1959.

We sustain the motion of appellees, Lockwood National Bank of Houston and Arthur F. Hoehn, to dismiss this appeal for the reasons stated. In view of this ruling, we overrule appellees' supplemental motion to dismiss, which asserts that appellant has failed to comply with the time requirements of the Texas Rules of Civil Procedure in taking its appellate steps.

The appeal is dismissed.