J. J. GAITZ, Appellant,

v.

Phillip MARKMAN et al., Appellees.

No. 637.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 24, 1972.

Stephen Perel, Kahn, Perel & Maierson, Houston, for appellant.

Ronald D. Cohen, Bernard S. Stolbun, Stolbun & Shaw, Houston, for appellees.

BARRON, Justice.

This suit is based upon an oral contract of a real estate broker, J. J. Gaitz, who sued Phillip Markman, Jack Markman, Harry Pepper and Isaac Tapper for certain commissions which plaintiff allegedly earned as a result of a sale consummated by Pepper and Tapper as grantors to the Markmans as grantees in early 1970. The suit, while admittedly not based upon a written contract, involves also an alleged deliberate interference with contractual rights on the part of the Markmans, who allegedly caused Pepper and Tapper to fail to pay the commission to Gaitz, and the Markmans also made an agreement with Gaitz to pay him the sum of $4,800.00 as his commission for the alleged sale of the properties involved. The portion of the suit relied upon is in tort for wrongful interference with contractual relations. Other pleas are made but are not material here.

This is a summary judgment case. The summary judgment evidence, in the form of affidavits and depositions, shows that Gaitz had done business as a realtor with Pepper and Tapper several times before on an oral basis and that the above owners had never defaulted in paying Gaitz the lawful commissions which he had earned. In the present case Gaitz did enter into an agreement with Pepper and Tapper, as owners, for which he was to receive a commission if he caused the sale of the property. Gaitz thereafter contacted Phillip and Jack Markman as prospective purchasers of the real property, and Markman told Gaitz that they were not interested in buying. Gaitz then "declared" their names to Pepper and Tapper as prospective purchasers. A "declaration" was explained as the naming of prospective purchasers to authorize payment of a commission to the realtor if sale is made to such prospect within 90 days after expiration of a listing agreement. Pepper agreed that the above explanation of a declaration is correct.

Thereafter, Gaitz learned that Pepper and Tapper were about to consummate a sale of the involved property to the Markmans, and he immediately contacted Pepper and Tapper and informed them of his right to a commission. There followed a series of negotiations, as a result of which Gaitz agreed to settle and compromise his claim with the Markmans, who agreed to pay the sum of $4,800.00, with $1,000.00 to be paid down and with a note to represent the balance. Pepper testified that he would not have gone through with the sale if he had thought the Markmans were not going to pay the commission, and that the Markmans were going to take care of it. The Markmans urged Pepper not to be concerned with the commission, because

the Markmans would take care of it. Pepper heard the agreement made whereby Markman was to pay Gaitz his commission. Gaitz was unable to attend the closing of the sale and was assured by Pepper and Tapper that they would protect him at the title company closing, and that Gaitz would be paid according to the agreed compromise settlement which the Markmans had assumed. However, Gaitz was not protected. Gaitz then contacted Jack Markman who wrote Gaitz a check for $1,000.00 of the settlement agreement. However, Markman stopped payment on the check before Gaitz could negotiate it, and refused and still refuses to pay any part of the settlement agreement as made. Markman was going to pay Gaitz for "moving out of the way", thus relieving Pepper and Tapper of any obligation originally assumed to pay Gaitz.

█ We are faced at the threshold with a jurisdictional problem. On November 2, 1970, the trial court entered summary "Interlocutory Judgment" in favor of Harry Pepper and Isaac Tapper, and noted that Gaitz was plaintiff and that Phillip Markman, Harry Pepper and Isaac Tapper were defendants. The court ordered that Gaitz take nothing of defendants, Pepper and Tapper, and no other name or action was mentioned. Subsequently, on December 8, 1971, the trial court, by separate judgment naming Gaitz as plaintiff and Phillip Markman and Jack Markman, individually and d/b/a Markman Brothers Investments as defendants, rendered judgment in favor of the Markmans and against Gaitz. No mention was made of the prior interlocutory judgment, and the actions were taken under the same case number and style. No severance appears of record. The latter judgment did not purport to set aside or bring the provisions of the first judgment by implication or otherwise into the latter judgment. We simply have two judgments entered in one cause with no reference being made in the judgments to the other.

Rule 301, Tex.R.Civ.P., based upon the earlier Tex.Rev.Civ.Stat.Ann. art. 2211 (1939), provides clearly that only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law. Courts from time immemorial have followed and applied this rule. We think the difficulty springs from a misunderstanding of the rule mentioned in H. B. Zachry Co. v. Thibodeaux, 364 S.W.2d 192 (Tex.Sup.1963), citing McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961). In McEwen an interlocutory default judgment was taken against Texaco, Inc. Thereafter, the plaintiffs took a nonsuit as to the other two defendants. The Supreme Court said that upon the taking of the non-suit as to the remaining two defendants the default judgment taken against Texaco thereupon became final, and that the time for appeal or writ of error by Texaco started to run from the entry of the final judgment disposing of the remaining two defendants. Certainly the above is the law of this state and involves correct reasoning. But we do not believe that it follows that a trial court is empowered to enter two or more final, separate judgments on the merits of a case, without severance, when the judgments are completely independent of each other. We simply do not feel that Zachry is applicable in this situation. See Transport Insurance Company v. Wheeler, 420 S.W. 2d 635, 637 (Tex.Civ.App.-Houston (14th Dist.) 1967, writ ref'd n. r. e.); Gallaher v. City Transp. Co. of Dallas, 262 S.W. 2d 807 (Tex.Civ.App.-El Paso 1953, writ ref'd).

Recently in Webb v. Jorns, 473 S.W.2d 328, 331 (Tex.Civ.App.-Fort Worth 1971, writ granted) the Fort Worth Court of Civil Appeals mentioned the hopeless conflict of decisions in this State on the above question, and a list of cases is there referred to which we adopt by reference here to identify the conflict. In that case the Fort Worth Court applied McEwen and Zachry. However, we respectfully decline to apply the above cases to the

present fact situation. See also Mayfair Building Corporation v. Oak Forest Bank, 441 S.W.2d 568, 572 (Tex.Civ.App.-Austin 1969, no writ). The Supreme Court of Texas has held that only one final judgment may be entered after all claims and issues involved in the suit have been tried. Kansas University Endowment Ass'n v. King, 162 Tex. 599, 350 S.W.2d 11, 19 (1961). We here apply the rule announced in Thomas v. Shult, 436 S.W.2d 194, 196 (Tex.Civ.App.-Houston (1st Dist.) 1968, no writ). In that case it was held that there may not be a severance by implication. See the significant case of Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959). In the Shult case above Chief Justice Bell stated:

"We consider the cases of H. B. Zachary Company v. Thibodeaux, 364 S.W.2d 192, and McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, both by our Supreme Court, to be distinguishable. In each of them there was an order dismissing the parties from the suit and there was only one judgment making adjudication on the merits as to all issues, as between all other parties in the suit."

A final judgment is one that determines the rights of all the parties and disposes of all the issues involved. Such was not done in this case, but two separate and independent judgments were entered more than a year apart. See Sisttie v. Holland, 374 S.W.2d 803 (Tex.Civ.App.-Tyler 1964, no writ), with which we concur. And see the list of cases cited in Webb v. Jorns, supra, 473 S.W.2d at p. 331. We therefore do not believe that a final judgment has been rendered below.

◼ We observe, however, on the merits that while an oral listing agreement for the sale of land whereby a real estate commission becomes due cannot be enforced in a court of law unless all necessary items are specifically in writing (Tex.Rev. Civ.Stat.Ann. art. 6573a, sec. 28 (1967)) Section 28 being the practical equivalent of the statute of frauds, a defendant must plead and prove certain facts to invoke the above rule in defense. This may or may not be done. The summary judgment record here raises issues and inferences that Pepper and Tapper might have paid Gaitz except for the interference, which proved to be wrongful, of the Markmans. They had always paid Gaitz before, and Pepper stated that he would not have gone through with the deal unless Markman paid the commission as agreed. There was a controversy between all parties regarding the commission. It is well settled that a compromise and settlement of a disputed claim is a valid consideration even though it later appears that the claim was without merit. And it is well settled that a moral obligation is a sufficient consideration for a subsequent promise of the debtor to pay in a case where the original debt is barred by limitations or the bankruptcy or insolvency laws. See Miller v. Aaron, 413 S.W.2d 426, 428 (Tex.Civ.App.-Dallas 1967, writ ref'd n. r .e.), and cases there cited. While in Aaron it appeared that cases "proscribed" by the Real Estate License Act, particularly Section 28 thereof, do not come under the above rules, the later case of Clements v. Withers, 437 S.W.2d 818, 821 (Tex.Sup.1969) clearly stated that such a contract is not void or illegal, nor is there any public policy opposing its performance. "To the contrary, the public is better served by the performance of all promises made for lawful purposes." We believe the evidence and inferences show that the Markmans induced Pepper and his partner not to pay Gaitz. The Markmans then so agreed and immediately defaulted or refused to live up to their agreement or representations. We believe fact issues appear which might create liability on the part of the Markmans for inducing the breach of an oral realtor's contract, and that such possible unenforceability of Gaitz's contract orig-

inally does not alter the rule of liability if the facts are shown to exist as above indicated. See Clements v. Withers, supra; Raymond v. Yarrington, 96 Tex. 443, 73 S.W. 800, 803 (Tex.Sup.1903, per Gaines, C. J.) ; Prosser, Law of Torts, sec. 123 at 955–956 (3d ed. 1964) ; 1 Harper & James, Law of Torts 495 (1956).

For the reasons above stated, in our opinion no final judgment has been rendered, and this appeal is dismissed without prejudice to have final judgment entered as the trial court sees fit pursuant to the law in substance and form.