ACCEPTED
01-15-00471-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/17/2015 11:46:54 AM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00471-CV

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/17/2015 11:46:54 AM
CHRISTOPHER A. PRINE
Clerk

IN RE DANIEL W. WARREN, BENEFICIARY OF THE
DANIEL STEVEN WEINER 1996 TRUST, RELATOR

Appeal from the Harris County Probate Court No. 4
Harris County, Texas

_____

RELATOR'S MOTION FOR REHEARING
_____

Relator, Daniel W. Warren respectfully submits this motion for rehearing in response to the opinion issued by the Court on August 4, 2015 denying his petition for writ of mandamus and dismissal of his case. Daniel requests that the Court reconsider its opinion in light of the additional facts presented herein, which the Court may not have been aware of, and which show that the trial court intended to retain the cross-claims in David's case only and that none of the parties intended to sever, or thought they were severing, Weiner's cross-claims into Daniel's new case.

The Appeal Court, however, found that the trial court's order granting Daniel's motion to sever his claims into a new case impliedly severed Mr. Weiner's cross-claims along with it, because no reasonable explanation was

provided as to why Weiner's cross-claims remained pending in David's case after Daniel's claims were severed. This motion presents additional facts and background on the case so that the Court can fully understand why the cross-claims remained pending in David's case.

It also respectfully requests that the Court not find severance of the cross-claims by implication in the absence of a specific order to sever them. This Court and others have held that there may be no severance by implication. *Thomas v. Shult*, 426 S.W.2d 194, 196 (Tex. App.—Houston [1st Dist.] 1968); *accord Gaitz v. Markman*, 482 S.W.2d 391, 394 (Tex. App.—Houston [14th Dist.] 1972).

A severance requires a determination as to whether claims are properly severable as to the parties, the issues, or the causes of action. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (Tex. 1959). Accordingly, no severance may be had by implication. *Id.* The confusion and uncertainty of an implied severance would outweigh any advantage that might result therefrom. *Id.* Because the trial court did not make a determination as to whether Weiner's cross-claims were properly severable, or issue a specific order to sever them, no severance should be implied. *Id.*

Relator Daniel Warren respectfully asks the Court to reconsider its opinion in light of the additional facts and arguments presented in this motion and thereafter grant his petition for writ of mandamus and dismiss his case in the trial

court.

## ISSUE PRESENTED FOR REVIEW

The Court should grant Daniel's petition for writ of mandamus and dismiss his case because the record shows that the trial court did not sever, or intend to sever, Weiner's cross-claims into Daniel's case. Accordingly, since no claims were pending at the time Daniel nonsuited, Daniel's case should be dismissed.

## ARGUMENT

The following background may help the Court understand why the cross-claims were not severed.

*Background on the Motion to Sever*

The trial court held a hearing on Mr. Weiner's Special Exceptions to Daniel's Intervention on August 27, 2014 and ruled that Daniel had no interest in David's case, which included the cross-claims against Ms. Warren at that time. Tab O, p. 5-21 and Tab X, p. 11. The trial court ordered Daniel to re-plead his claims in a separate lawsuit, as follows:

> THE COURT: Well they need to be, they need to be two separate lawsuits, and that's how I would ask you to replead. Just keep them separately, you know, separate. Relator's Tab O, p. 17.

The trial court also issued the following order the next day on August 28, 2014:

> It is therefore, ORDERED that lntervenor Daniel Steven Weiner ("Intervenor") re-plead to specifically set out his specific causes of

action against Andy Weiner and identify the underlying facts supporting each specific cause or action. Relator's Tab T, Exhibit A.

To comply with the trial court's order to re-plead his claims in a new lawsuit, on September 8, 2014 Daniel filed a motion to "sever his causes of action against Mr. Weiner into a separate lawsuit with a separate cause number." Relator's Tab T, p. 1. The motion set out Daniel's specific causes of action and attached a list of twenty-nine (29) docket entries he requested be transferred to his new case Relator's Tab T, Ex. B. Daniel's motion to sever said nothing about Weiner's cross-claims because he was ordered to re-plead only his claims.

On October 29, 2014, the trial court's Associate Judge emailed the parties stating that Daniel's motion to sever should not be granted because he needed instead to file a new petition. It could be a copy of what he pleaded in his motion to sever, but it needed to be a new "Original Petition" with service pursuant to the rules for a new lawsuit. Relator's Tab V-1, p. 2.

The trial court also confirmed that it was retaining Andy Weiner's cross-claims in David's case only and that after Daniel re-pleads his claims, "we will now have two different cause numbers, 425577 for David's claims and Andy's cross-claims, and 425576-401 for Daniel's claims..." Relator's Tab V-1, p. 3. Accordingly, the trial court did not intend to sever, or split the cross-claims.

Concerned that a new petition would effectively dismiss his claims, Daniel's counsel sent Associate Judge Shannon and the parties an email asking for

clarification that Judge Butts was not dismissing Daniel's claims and would not require the parties to re-start formal discovery all over again, but was only ordering that his claims be set up as a new petition. Relator's Tab V-1, p. 2.

Daniel's counsel offered to send the trial court a proposed order incorporating its instructions to re-plead his claims in a new lawsuit, but without requiring the parties to start formal discovery all over again. Relator's Tab V-1, p. 1-2. Associate Judge Shannon replied: "Please do send a proposed order crafted as you suggested. I will let you know if Judge Butts suggests any changes. Thank you." *Id.*

*Background on the Trial Court's Severance Order*

On November 4, 2014 Daniel's counsel sent the trial court and the parties his proposed order. Relator's Tab U and V-1, p. 1. The order provided that Daniel would restate his claims as a new original petition in a new cause number and "file all future pleadings, motions, and other papers" in the his cause number. It also provided that "all prior discovery, orders, motions, responses, and answers" pertaining to his claims would apply in his new case, thus solving his concerns about starting all over again. Relator's Tab U and V-1, p.1. The proposed order said nothing about the cross-claims because the trial court ordered Daniel to re-plead his claims and told the parties that the cross-claims would remain in David's case. Relator's Tab V-1, p.3.

The trial court signed Daniel's proposed order the next day on November 5, 2014 without change, except for striking through a provision that would have consolidated the cases for trial. *Compare* Relator's Tab U with Tab U-1. These same words also appeared in the trial court's subsequent amended order dated November 17, 2014 without change.

*The Language "All Prior Discovery, Orders, Motions, Responses, and Answers"*

The Appeal Court may not have been aware that Relator's counsel drafted the language in the trial court's severance order requesting that "all prior discovery, orders, motions, responses, and answers" pertaining to Daniel's claims apply in his new case as if they had occurred there. Daniel's counsel carefully chose those words to exclude "claims" because Daniel was ordered to *re-plead* his claims only, and the trial court had made it clear that the cross-claims would remain in David's case only. Relator's Tab V-2, p.3.

The words "discovery, orders, motions, responses, and answers" were intended to include only those items. They were not merely examples of the types of documents Daniel requested be applied in his new case. Had they been intended as examples, he would have included a generic phrase such as "and other papers," like he did in the preceding phrase, which provided that "all future pleadings, motions and other papers" pertaining to Daniel would be filed in his new case. Relator's Tabs U, U-1, and U-2. Such generic phrases permit the reader to insert

similar types of documents under the canon of *ejusdem generis* ("of the same kind or class"). Black's Law Dictionary (7th ed.), p. 535.

But absent words implying that "all prior discovery, orders, motions, response, and answers" are merely non-exclusive examples, Daniel respectfully asks the Court not to imply that additional items are intended, such as the cross-claims.

*The 24-Item List To Be Transferred*

After the trial court signed the November 5, 2014 order, Weiner's counsel asked to change it to specifically enumerate in the order itself which documents were being transferred to Daniel's new case. Relator's Tab V-2, p.5. After some negotiations, counsel for Weiner and Daniel agreed on a list of twenty-four (24) specific items to be expressly identified in the order and transferred to Daniel's new case. Relator's Tab V-2, p. 1-4. None of the 24 items related to the numerous filings on the cross-claims that existed at the time. Relator's Tab U-2.

By November 17, 2014, Weiner had filed his original, first, and second amended cross-claims and a supplement thereto. Ms. Warren had filed special exceptions, a bench brief, and a motion to dismiss the cross-claims. And the trial court had issued two orders relating to them. Realtor's Tab X, p. 5-13. Not one of these filings was included on the 24-item list because neither the court nor the parties intended to sever the cross-claims.

7

Also important to note is that Mr. Conner, Ms. Warren's attorney, did not participate in any of the discussions on Daniel's motion to sever his claims or the 24-items to be included in his new case. Tabs V-1 and V-2. That is because there was no discussion about transferring the cross-claims to Daniel's new case. And the trial court had already made it clear to the parties that the cross-claims would remain in David's case after Daniel re-pleads his claims. Relator's Tab V-1, p. 3. Had there been any discussion about severing the cross-claims, Mr. Conner, would have participated and made his objections known because a severance of the cross-claims would have resulted in two lawsuits against his client instead of one.

*The Conduct of the Parties*

Even after the severance order was signed, the parties' conduct shows that they did not intend to litigate Weiner's cross-claims in Daniel's new case. Weiner filed two motions to compel discovery against Ms. Warren and designated his expert witness in David's case only. Relator's Tab X, p. 14, 16, and 20. Mr. Conner filed a motion for no-evidence partial summary judgment against Mr. Weiner in David's case only. Relator's Tab. X, p. 25.

Mr. Conner never made an appearance in Daniel's new case. Relator's Tab W. Nor did Mr. Conner file any motions or responses, attend any hearings, conduct any discovery, or take any depositions in Daniel's new case. *Id.* The trial court's docket does not show Ms. Warren as a party to Daniel's new case because

she was not named as a party to it.

The docket in Daniel's case is simply devoid of any activity related to the cross-claims compared to the flurry of activity in David's case. Compare Relator's Tab W with X.

*Severability of Claims*

The Texas Supreme Court holds that before a severance can occur, a court must first determine whether claims are properly severable as to the parties, issues, and causes of action. *Pan American Petroleum Corp*., 324 S.W.2d 200. No party filed a motion to sever the cross-claims. Tab X, pp. 5-13. The trial court conducted no hearings or discussions on whether the cross-claims would, or could, be severed. *Id.*; Tab O, p. 5-21. The trial court expressly stated the cross-claims would remain in only David's case after Daniel re-pleaded his claims in a new lawsuit. Relator's Tab V-1, p. 3. The trial court issued no specific order to sever the cross-claims. Therefore, Daniel respectfully requests that this Court not imply that a severance occurred.

In addition, it is not clear that Weiner's cross-claims can be split, as written. A well-established rule against claim-splitting prevents a single cause of action from being split into several suits when a single suit will suffice. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 277 (Tex. 2004). This rule, also known as the single-action rule, provides a plaintiff one indivisible cause of action for all

damages arising from a defendant's single breach of a legal duty. *Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 646-647 (Tex. 2000).

Weiner's causes of action against Ms. Warren for breach of fiduciary duty, tortious interference with administration, contribution to one-half his damages, initiating unnecessary litigation, and creating a hostile environment are indivisible, as written, because they do not distinguish how her conduct specifically relates to David's trust, Daniel's trust, or Mr. Weiner. If they were to be split, they would need to be re-pleaded to describe which of her actions relate to which cause and which case.

Regardless of their severability, the record establishes that the cross-claims were not, in fact, severed. The trial court intended them to remain in David's case. The conduct of the parties shows that they did not intend them to be severed. No party asked that they be severed, or contends that they thought they were being severed. The trial court did not conduct a hearing or issue a specific order that they be severed. The parties did not treat them as having been severed. The record is simply devoid of any actual or intended severance of the cross-claims.

Accordingly, Relator Daniel Warren respectfully requests that this Court not imply a severance when none was intended or specifically ordered. *Thomas*, 426 S.W.2d 196; *Gaitz*, 482 S.W.2d 394; *Pan American Petroleum Corp.*, 324 S.W.2d 200.

**PRAYER**

Because the record demonstrates that no claims were pending, or intended to be pending in Daniel's case at the time he nonsuited, and severance cannot be found by implication, Daniel respectfully requests that the Court grant this Motion for Rehearing, grant his Petition for Writ of Mandamus, and dismiss his case in the trial court.

Respectfully submitted,
Cantrell & Cantrell, PLLC
/s/ Carol A. Cantrell
State Bar No. 24043592
3700 Buffalo Speedway, Ste. 520
Houston, Texas 77098
(713) 333-0555
(713) 333-0550 (facsimile)
ATTORNEY FOR RELATOR

## VERIFICATION

STATE OF TEXAS     §
HARRIS COUNTY     §

Before me, the undersigned notary, on this day personally appeared Carol A. Cantrell, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Carol A. Cantrell. I am over 18 years of age, of sound mind, and capable of making this verification. The facts in this verification are within my personal knowledge and are true and correct.

2. I am the attorney for Relator. All the documents included with this Motion for Rehearing are true and correct copies."

_Carol Cantrell_
Carol A. Cantrell
Attorney for Relator

Sworn to and subscribed before me by Carol A. Cantrell on September 17, 2015.

_____
Notary Public in and for
the State of Texas

My commission expires: Nov. 25, 2016

TONI DANIELLE EMBREY
Notary Public, State of Texas
My Commission Expires
November 25, 2016

12

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(D) because it contains 2,376 words, excluding the parts exempted by Tex. R. App. P. 9.4(i)(1).

2. This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a proportionately spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font.

/s/ Carol A. Cantrell
Attorney for Relator

## CERTIFICATE OF SERVICE

I certify that a copy of the Relator's Motion for Rehearing was served on the parties below by electronic service on September 17, 2015.

| | |
|---|---|
| Sarah Patel Pacheco | Thomas R. Conner |
| Kathleen Tanner Beduze | Conner & Lindamood, P.C. |
| Crain Caton & James | 1221 Lamar, Suite 1010 |
| Five Houston Center, | Houston, TX 77010 |
| 1401 McKinney, 17th Floor | tom@lawcl.com |
| Houston, TX 77010 | 713-654-8115 (facsimile) |
| pacheco-efile@craincaton.com | ATTORNEY FOR KATHERINE R. |
| 713-658-1921 (facsimile) | WARREN |
| ATTORNEY FOR ANDY | |
| WEINER | |

I certify that a copy of Appellant's Motion for Rehearing was served on Respondent by certified mail on September 17, 2015 to the following address.

The Honorable Christine Butts
Probate Court No. 4, Harris County
201 Caroline St., 7th Floor
Houston, Texas  77002
Tel: 713-368-6767


                                     /s/ Carol A. Cantrell
                                     Attorney for Relator

# APPENDIX

HEARING TRANSCRIPT ON DANIEL'S INTERVENTION (8-27-14)…Tab O

DANIEL WARREN'S MOTION TO SEVER WITH EXHIBITS……….Tab T

RELATOR'S PROPOSED ORDER ON MOTION TO SEVER…………Tab U

TRIAL COURT'S NOV. 5 ORDER ON MOTION TO SEVER….….…Tab U-1

TRIAL COURT'S AMENDED ORDER ON MOTION TO SEVER…….Tab U-2

EMAIL EXCHANGE BETWEEN TRIAL COURT AND COUNSEL:

    FROM OCT. 24 TO NOV. 4, 2014………………..…....……..Tab V-1

    FROM NOV. 6 TO NOV. 17, 2014………..………………Tab V-2

DOCKET IN DANIEL'S CAUSE NO. 425,576-401................................Tab W

DOCKET IN DAVID'S CAUSE NO. 425,577……………………………Tab X