Reggie TEER et al., Petitioners,

v.

Wayne B. DUDDLESTEN et al., Respondents.

No. C–1507.

Supreme Court of Texas.

Feb. 22, 1984.

Sears & Burns, Robert L. Burns, Houston, for petitioners.

Butler, Binion, Rice, Cook & Knapp, Steven C. Oaks, Houston, Firman A. Hickey, Jr., City Atty., Bellaire, for respondents.

ON MOTION FOR REHEARING

POPE, Chief Justice.

We grant the motion for rehearing, withdraw our former opinion and judgment of July 20, 1983, and substitute this opinion reversing the judgments of the courts below.

In this appeal from a summary judgment, the question is whether the trial court erred in granting a final rather than a partial summary judgment. Plaintiffs Reggie Teer and Andy Hunsicker sued City of Bellaire, Wayne B. Duddlesten, and H–R–D–37, Ltd. Plaintiffs sought a declaratory judgment declaring a city ordinance invalid. Two of the defendants, Duddlesten and H–R–D–37, moved for a summary judgment, which the trial court granted. The judgment was drawn as a final judgment for those two defendants but also included a judgment for the defendant, City of Bel-

laire. The court of appeals affirmed the trial court judgment. 641 S.W.2d 569. We reverse the judgment of the courts below for their error in rendering a final judgment for City of Bellaire when it had made no motion for summary judgment.

Plaintiffs' suit was an attack upon the validity of City of Bellaire's Ordinance No. 1842 that provided for Planned Development Districts as one class of its zoning districts. Two of City's co-defendants moved for summary judgment, but City filed no motion, gave no notice, produced no affidavits, and made no showing. It did nothing. See Tex.R.Civ.P. 166–A(a), (b). A summary judgment may only be granted in favor of movant whose evidence offered in support of the motion establishes the movant's right to judgment as a matter of law. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970); *see Tigner v. First National Bank of Angleton,* 153 Tex. 69, 264 S.W.2d 85, 87 (1954). The finality of a declaratory judgment, by the express terms of Rule 166–A, is governed by the same rules as other kinds of judgments. Teer and Hunsicker have not yet confronted City of Bellaire, the main defendant against whom they brought suit, but they have suffered an adverse judgment in favor of City. City was not a party to the summary judgment proceedings either as movant or non-movant, and whether City received a favorable or adverse judgment, the trial court erred in finally adjudicating the rights of that party.

The trial court's judgment ordered that plaintiffs Teer and Hunsicker "recover nothing of, from, and against Defendants, City of Bellaire, Wayne B. Duddlesten, and H–R–D–37, Ltd." It ordered "that Defendants, City of Bellaire, Wayne B. Duddlesten, and H–R–D–37, Ltd., be, and they are hereby, discharged." It then declared the ordinance valid. Plaintiffs Teer and Hunsicker appealed to protect themselves from the final judgment in favor of City of Bellaire and the other defendants. On appeal, however, they urged that the trial court erred in rendering a final judgment in favor of City when that defendant had not asked for a summary judgment.

An appeal lies from a final summary judgment, but for a summary judgment to be final, it must dispose of all issues and parties. *Hunt Oil Co. v. Moore,* 639 S.W.2d 459 (Tex.1982); *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959). A summary judgment that does not dispose of all the parties or issues is one that is interlocutory. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982); *Spring Woods Shopping Center v. University Savings Association,* 610 S.W.2d 177 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Dixon v. Shirley,* 531 S.W.2d 386 (Tex.Civ.App.—Corpus Christi 1975), *writ ref'd n.r.e. per curiam,* 545 S.W.2d 441 (Tex.1976). A partial or interlocutory summary judgment may be made final if the judgment severs the issues and parties that are left unadjudicated. *Pan American Petroleum Corp.,* 324 S.W.2d at 200–01. There was no severance in this case.

These rules, until recently, were uniformly applied and presented no problems. The problems arise when a trial court erroneously renders a final judgment, when, under the record of the summary judgment proceeding, only a partial and unappealable judgment should be rendered. We confronted that problem in *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982). In *Schlipf,* all of the parties were before the court in the summary judgment proceeding, but the trial court did not make an adjudication of all the issues. The trial court erroneously wrote the judgment as a final judgment.

The court of appeals in *Schlipf* reversed the judgment and remanded the cause to the trial court. *Schlipf v. Exxon Corp.,* 626 S.W.2d 74, 78 (Tex.App.—Houston [14th Dist.] 1981), *writ ref'd n.r.e. per curiam,* 644 S.W.2d 453 (Tex.1982). One judge dissented, saying that the court of appeals should have dismissed the appeal, because the trial court could not render judgment without adjudicating all the issues. We refused the application and stamped it "no reversible

error," because neither party raised the point, and it is not fundamental error. The remand for a trial of the untried issue was the correct judgment. The point of *Schlipf* was that the trial court, in error, granted a final summary judgment instead of a partial summary judgment. 644 S.W.2d at 454–55.

The court of appeals in this case has confused settled law concerning the finality of judgments in conventional trials on the merits when all parties are in court with the law applicable to partial summary judgments. The court mistakenly relies upon this court's decision in *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966). In *North East*, we used these carefully selected words:

> When a judgment ... is rendered and entered *in a case regularly set for a conventional trial on the merits,* ... it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.... Of course, the problem can be eliminated entirely by ... a simple statement that all relief not expressly granted is denied. [Emphasis added.]

*Id.* at 897–98. In this case, City of Bellaire was not before the court on the summary judgment and the hearing was not a conventional trial regularly set for trial on the merits.

The settled rule applicable to partial summary judgments is different. This court's decision in *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959), settled the law that applies to all summary judgment cases.

> In our opinion a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court [cites omitted]. In the absence of an order of severance, a party against whom an interlocutory summary judgment has been rendered will have his right of appeal when and not before the

same is merged in a final judgment disposing of the whole case.

*Id.* at 200–201.

■ The rule for writing judgments about conventional trials on the merits is different in another way from the rule that applies to partial summary judgments. In *North East*, this court stated that in a conventional trial regularly set for trial on the merits, it will be presumed that the court intended to dispose of all parties legally before it as well as all of the issues made by the pleadings. This court then added the instruction: "of course, the problem can be eliminated entirely by ... a statement that all relief not expressly granted is denied." 400 S.W.2d at 898. That rule is correct and sound when applied to conventional trials on the merits with all parties cited and before the court.

■ There is no presumption in partial summary judgments that the judgment was intended to make an adjudication about all parties and issues. The Mother Hubbard clause that "all relief not expressly granted is denied" has no place in a partial summary judgment hearing. The concepts of a partial summary judgment on the one hand, and a judgment that is presumed to determine all issues and facts on the other, are inconsistent. We hold that the trial court erred in rendering judgment for City, a non-movant in the summary judgment proceeding. Neither the plaintiffs nor the City of Bellaire had reason to believe an adjudication would be made against or for a party not before the court.

■ The court of appeals not only misapplied *North East*, it also erred in holding that the judgment about the validity of the ordinance was an *in rem* judgment, binding upon all persons. The court of appeals relied upon *Allied Van Lines, Inc. v. Central Forwarding, Inc.*, 535 S.W.2d 412 (Tex.Civ. App.—Waco 1976, writ ref'd n.r.e.). In *Allied,* the court held that the State of Texas, through the Attorney General, had previously sued Central Forwarding but failed to obtain a declaratory judgment prohibiting Central Forwarding from hauling household goods in Texas under a Specialized Motor

Carrier Certificate. The State had lost in the prior action, and the judgment in that case was held to be binding upon Allied Van Lines who later wanted to relitigate the identical question and to keep Central Forwarding from hauling under its permit. The reasons the former judgment was held to be an *in rem* action, as stated in the opinion of the court, were that the Motor Carrier Act expressly states that it was not enforceable by private parties. TEX.REV. CIV.STAT.ANN. art. 911b, § 16 (Vernon Supp.1982–1983). The State had already tried the issue against Central Forwarding, Inc., and the whole public was bound by that decision under the statute. 535 S.W.2d at 415–16.

There is no statute or other law that authorizes defendants Duddlesten and H–R–D–37, Ltd. to act on behalf of the public. It would be a great risk to the public to hold that one can bring a proceeding against one individual and a municipality, give notice to and proceed only against the individual, but obtain a judgment that is then binding upon the city and the whole public.

The judgment in the summary judgment proceeding erroneously included City of Bellaire. The correct judgment was one that did not adjudicate plaintiffs' rights against City. It should have been an interlocutory or partial summary judgment. We reverse the judgments of the courts below and remand the cause to the trial court for a trial of the action against City of Bellaire.

ROBERTSON, J., dissents with an opinion in which KILGARLIN, J., joins.

ROBERTSON, Justice, dissenting.

I respectfully dissent. By its decision, the majority is requiring the City of Bellaire on remand to perform a useless act. In remanding this cause we will needlessly waste the time and effort of the parties and courts involved in this litigation. The merits of this cause, brought forward by Plaintiffs' appeal of their declaratory judgment action, are properly before the court and should be passed upon.

This is a declaratory judgment action. The single issue raised by Plaintiffs' complaint was the validity of certain zoning ordinances of the City of Bellaire. The City was joined as a defendant pursuant to the mandatory provisions of Article 2524–1, Section 11, TEX.REV.CIV.STAT.ANN. The summary judgment rendered by the trial court on its face disposed of all parties to the litigation. More importantly, the judgment resolved the only issue in dispute by declaring the City's ordinances valid.

In urging this Court to reach the merits, the City has argued that remand would only lead to a prompt resubmission of a motion for summary judgment by all the Defendants, which motion would be granted. The salutary principle that summary judgment should not be rendered in favor of a non-movant is, in this case, overshadowed by the policy of expeditious dispute resolution embodied in Rule 166–A, Tex.R. Civ.P., and Article 2524–1. The language of the Declaratory Judgment Act is unambiguous: " . . . such declarations shall have the force and effect of a final judgment or decree." TEX.REV.CIV.STAT.ANN. art. 2524–1, § 1. I am of the opinion that the judgment of the trial court is final and appealable and would proceed to resolve the merits of the case.

KILGARLIN, J., joins in this dissent.