George **BETHURUM**, et ux., Appellants,

v.

John P. **HOLLAND**, et al., Appellees.

No. 07–89–0066–CV.

Court of Appeals of Texas,
Amarillo.

May 26, 1989.

Rehearing Denied June 23, 1989.

Jack Urquhart, Andrea M. Johnson, Holtzman & Urquhart, Houston, for appellants.

Charles R. Dunn, Dunn, Kacal, Adams, Pappas & Law, James M. McGraw, Looper, Reed, Ewing & McGraw, Houston, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

George Bethurum and wife, Shirley Bethurum, perfected this appeal from a summary judgment decreeing that their suit filed against John P. Holland and other named defendants is dismissed with prejudice to refile the same, and that all relief not expressly granted is denied. Three months after the transcript was filed in the appellate court,[1] Holland and the other defendants moved for, and the Bethurums opposed, a dismissal of the appeal for want of jurisdiction because the summary judgment did not dispose of all the issues in the suit. Upon the rationale expressed, the motion will be granted to the extent that the appeal will be dismissed for want of jurisdiction.

The Bethurums brought the suit underlying this appeal "in the right of The Water Machine, Inc. ("WMI"), as shareholders and on behalf of all other shareholders similarly situated." Joining WMI as a party defendant, the Bethurums sought to recover "damages and losses suffered by WMI and its shareholders" from John P. Holland, Edward E. Bass, Hydro–Pure, Inc., Hydro–Logic, Inc., and Bruin Corporation, "for the benefit of WMI and its innocent minority shareholders."

Holland and Bruin Corporation counterclaimed for damages from the Bethurums on allegations of breach of contract and fraud by the Bethurums. Bass, alleging that the Bethurums committed fraud in inducing him to invest in WMI, sought, by way of counterclaim or offset, the enforcement of the Bethurums's agreement for the return of his investment in WMI with interest.

Thereafter, Holland and the other named defendants, hereinafter collectively referred to as Holland unless otherwise designated, moved for summary judgment with an original and an amended motion. "The sole ground for this motion for summary judgment is that, under the facts and circumstances of this case as set forth above, Bethurum cannot as a matter of law

---

1. The appeal originally was filed in the Court of Appeals for the Fourteenth Judicial District of Texas and was, by order of the Supreme Court, transferred to this court for disposition.

maintain this shareholder derivative suit and, accordingly, a summary take-nothing judgment should be rendered in favor of the Defendants."

Subsequently, but less than seven days before the date set for hearing Holland's motion for summary judgment, the Bethurums, without showing leave of court, filed their third amended petition. By the petition, the Bethurums asserted that they "both bring this suit in their own right as individuals and as shareholders of The Water Machine, Inc. ("WMI"), and also bring this suit in the right of WMI as shareholders on behalf of all other shareholders similarly situated." In addition to claims of action on behalf of WMI and its shareholders, the Bethurums pleaded that Holland and Bass breached a contract with them to their monetary damage, and that all of the defendants conspired to damage them personally in monetary amounts.

At the same time, the Bethurums, again without showing leave of court, filed a supplemental response to the pending motion for summary judgment. After alleging an unresolved material fact issue precluding summary judgment, the Bethurums pointed out that the summary judgment motion does not address their claims independent of their shareholder derivative claims and, thus, summary judgment as to all their claims is improper.

 Holland did not file any additional pleadings in answer to either the Bethurum's third amended petition or their supplemental response to Holland's motion for summary judgment. At this point, absent any indication that the trial court did not consider the third amended petition filed by the Bethurums, it is presumed that the pleading was properly before the court when the motion for summary judgment was heard, *Goswami v. Metropolitan Sav. and Loan,* 751 S.W.2d 487, 490–91 (Tex. 1988); however, absent any indication that

the late filing of the supplemental response to the motion for summary judgment was with leave of court, it must be presumed that the trial court did not consider the supplemental response. *Id.* n. 1. It follows that without answering pleadings, Holland has not disputed the accuracy of the facts last stated by the Bethurums in their third amended petition. *Maxey v. Citizens National Bank of Lubbock,* 507 S.W.2d 722, 724 (Tex.1974).

In this state of the record, the trial court heard and granted Holland's amended motion for summary judgment. Having done so, the court rendered judgment decreeing "that this cause be, and the same hereby is, DISMISSED with prejudice to refile the same," and that "[a]ll relief not expressly granted herein is DENIED."[2] The Bethurums perfected their appeal.

After the Bethurums filed their brief, Holland filed, on the day the reply brief was due, the motion to dismiss the appeal for want of jurisdiction. The essence of the motion is that the summary judgment rendered, albeit reciting that all relief not expressly granted is denied, is an interlocutory, unappealable order because the counterclaims alleged by the defendants were neither presented to the trial court nor disposed of by the judgment.

Responding to the motion, the Bethurums urge its denial. They represent that this court has jurisdiction over the merits of the appeal and that the motion to dismiss, being untimely, should be overruled.

With respect to the dismissal motion, the Bethurums correctly state that the motion was not, as the rule provides that it shall be, filed within thirty days after the filing of the transcript. Tex.R.App.P. 72. The Bethurums couple this noncompliance with the circumstances that Holland drafted and twice submitted the summary judgment order to dismiss all claims for signing by the

---

**2.** Parenthetically, it is noticed that the nature of the sole ground for summary judgment is an affirmative defense, for it is interposed as a bar to the Bethurums's right to judgment in the right of WMI and on behalf of shareholders, even if the claims for recovery were established, *Highway Contractors, Inc. v. West Tex. Equip-* *ment,* 617 S.W.2d 791, 794 (Tex.Civ.App.—Amarillo, 1981, no writ); and, if the ground is properly sustained, a take-nothing judgment is required, not a judgment of dismissal. *Rhodes v. McCarron,* 763 S.W.2d 518, 521 (Tex.App.—Amarillo 1989, writ denied).

trial court without raising until now the complaint that the counterclaims are still viable.[3] The total circumstances, they propose, arguably constitute a waiver of the right to complain about the dismissal of the counterclaims and a denial of consideration of the dismissal motion. The position of the Bethurums is not well-taken.

■ Rule 72, *supra*, further provides that a late-filed motion to dismiss for want of jurisdiction may be entertained upon such terms that the court may deem just and proper. Beyond that, the lack of jurisdiction may not be blindly ignored because the parties do not raise the matter, *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957), and it is not waived by the failure to timely file a motion to dismiss. *Walker v. Cleere*, 141 Tex. 550, 174 S.W.2d 956, 958 (1943).

These principles obtain since a court must notice, even sua sponte, the matter of its own jurisdiction, for jurisdiction is fundamental and may not be ignored. *Marshall v. Brown*, 635 S.W.2d 578, 580 (Tex. App.—Amarillo 1982, writ ref'd n.r.e.). And when an appellate court concludes that it does not have jurisdiction to decide the merits of the appeal, it can only dismiss the appeal. *University Interscholastic League v. Payne*, 635 S.W.2d 754, 758 (Tex. App.—Amarillo 1982, writ dism'd).

■ In representing that this court has jurisdiction over the appeal, the Bethurums contend that the inclusion in the summary judgment of the "Mother Hubbard" language that "[a]ll relief not expressly granted herein is DENIED" made the judgment final and appealable by the authority of *Schlipf v. Exxon Corp.*, 644 S.W.2d 453 (Tex.1982). Left unexplained, the *Schlipf* opinion undoubtedly would be authority for the contention; however, later in *Teer v. Duddlesten*, 664 S.W.2d 702 (Tex.1984), the Supreme Court made a clarifying explanation of *Schlipf*. In *Teer*, the Court, after reiterating the rules for determining whether a summary judgment is final and

appealable or interlocutory and unappealable, made these observations about *Schlipf*:

> The problems arise when a trial court erroneously renders a final judgment, when, under the record of the summary judgment proceeding, only a partial and unappealable judgment should be rendered. We confronted that problem in *Schlipf v. Exxon Corp.*, 644 S.W.2d 453 (Tex.1982). In *Schlipf*, all of the parties were before the court in the summary judgment proceeding, but the trial court did not make an adjudication of all the issues. The trial court erroneously wrote the judgment as a final judgment.
>
> The court of appeals in *Schlipf* reversed the judgment and remanded the cause to the trial court. *Schlipf v. Exxon Corp.*, 626 S.W.2d 74, 78 (Tex.App.—Houston [14th Dist.] 1981), *writ ref'd n.r.e. per curiam*, 644 S.W.2d 453 (Tex. 1982). One judge dissented, saying that the court of appeals should have dismissed the appeal, because the trial court could not render judgment without adjudicating all the issues. We refused the application and stamped it "no reversible error," because neither party raised the point, and it is not fundamental error. The remand for a trial of the untried issue was the correct judgment. The point of *Schlipf* was that the trial court, in error, granted a final summary judgment instead of a partial summary judgment. 644 S.W.2d at 454–55.

*Teer v. Duddlesten*, 664 S.W.2d at 703–04. Then, the Court pointedly added: "The Mother Hubbard clause that 'all relief not expressly granted is denied' has no place in a partial summary judgment hearing." *Id.* at 704.

Thus, as *Teer* teaches, if the summary judgment rendered in this cause is in reality a partial summary judgment, the judgment, *sans* a severance, is interlocutory and unappealable, notwithstanding its Mother Hubbard clause. An inquiry into

---

**3.** The circumstances represented as inducing the summary judgment rendered are not shown in the appellate record and, therefore, are not entitled to credit, *Dover v. Polyglycoat Corp.*, 606 S.W.2d 19, 20–21 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ), but they are immaterial to the decision on the question of jurisdiction.

the nature of the summary judgment rendered is required.

At the time the court heard Holland's motion for summary judgment, there were properly before the court the Bethurums's pleaded cause of action in their capacities as shareholders on behalf of WMI and other stockholders, Holland's counterclaims, and the Bethurum's pleaded causes of action in their individual capacities. Then, for Holland to merit a summary judgment on the entire suit, his motion for summary judgment not only had to meet the causes of action pleaded by the Bethurums, *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50, 52 (Tex.1970), but had to expressly present to the trial court the counterclaims with conclusive proof of them. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). However, Holland's motion for summary judgment addressed only the Bethurums's pleaded cause of action in their capacity as shareholders.

■ Following the dictate of *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d at 678, that Holland "must establish his entitlement to a summary judgment on the issues expressly presented to the trial court," it became axiomatic that summary judgment could not be granted as a matter of law on the causes of action not addressed in the summary judgment proceeding. *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex. 1983). Consequently, because Holland moved for summary judgment on only one aspect of the entire suit, the granting of summary judgment on the entire suit was unauthorized and improper as to the unaddressed and unsevered causes of action. *Id.*

It follows that by not disposing of all the unsevered issues in the suit pending before the court, the summary judgment rendered is interlocutory and unappealable. The Bethurums will have their right of appeal when, but not before, the interlocutory summary judgment is merged into a final judgment disposing of the entire suit. *City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex.1988).

Given that the interlocutory summary judgment is unappealable, this court is without jurisdiction to review it, *Steeple Oil and Gas Corporation v. Amend*, 394 S.W.2d 789, 790 (Tex.1965), but, as in the event of an appeal from any unappealable judgment, has jurisdiction only to dismiss the appeal. *McCauley v. Consolidated Underwriters*, 304 S.W.2d at 265. Without jurisdiction to review the judgment, the proper action for this court is the rendition of judgment dismissing the appeal. *City of Beaumont v. Guillory*, 751 S.W.2d at 493; *Steeple Oil and Gas Corporation v. Amend*, 394 S.W.2d at 790. To this extent, Holland's motion to dismiss the appeal for want of jurisdiction is granted.

The appeal is dismissed for want of jurisdiction.