MANCHESTER TERMINAL CORPORATION, Appellant and Appellee,

v.

The PORT OF HOUSTON AUTHORITY, Appellee and Appellant.

No. A14–89–904–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 21, 1989.

Rehearing Denied Jan. 18, 1990.

Jesse P. Luton, Jr., James P. Pennington, Houston, for appellant.

Marie R. Yeates, Benjamin L. Hall, Houston, William H. Yoes, Beaumont, Jonathan Steinberg, Austin, George Michael Jamail, Beaumont, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

OPINION

PER CURIAM.

This is an appeal from a partial summary judgment that was subsequently severed. The remainder of the original action still pends in the trial court.

During the first half of 1988, the Port of Houston Authority learned that Manchester Terminal Corporation was placing fill material and rubble into Sims Bayou, a tributary flowing into the Houston Ship Channel. The Port sought and obtained a temporary injunction to enjoin Manchester's actions, which were causing a narrowing of the tributary and resulting in an encroachment on the Port's property. The Port claims title to the bed and bottom of Sims Bayou. Manchester claims title to the bed or bottom out to the centerline of Sims Bayou.

The trial court's order on partial summary judgment states as follows:

It is, therefore, ORDERED, ADJUDGED, and DECREED that the 1824 Mexican Grant of one league of land to Moses Callahan and Allen Vince did not convey the bed or bottom of Sims Creek unless Sims Creek was not perenially or tidally influenced, as defined by law, at the time of the 1824 Mexican Grant to Moses Callahan and Allen Vince.

The general rule has long been that an appeal may be prosecuted only from a judgment that disposes of all issues and parties. *North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). A partial or interlocutory summary judgment becomes appealable if the trial court severs the partial judgment from the unadjudicated issues and parties. *E.g.*, *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984). The order before this court, however, by its own terms, does not dispose of any claim or cause of action. We hold it is interlocutory and, therefore, not appealable.

We order the appeal dismissed.