**ATASCOSA COUNTY and Jourdanton Independent School District, Appellants,**

v.

**ATASCOSA COUNTY APPRAISAL DISTRICT and Atascosa Hospital Association, Inc., Appellees.**

No. 04–96–00987–CV.

Court of Appeals of Texas, San Antonio.

Jan. 21, 1998.

Thomas P. Cate, Law Office of Thomas P. Cate, P.C., Lytle, W. Wendell Hall, Renee A. Forinash, Fulbright & Jaworski, L.L.P., San Antonio, for Appellants.

Peter William Low, Law Office of Peter William Low, Austin, for Atascosa Co. Appraisal Dist.

Joseph M. Harrison, IV, Brusniak, Clement, Harrison & McCool, P.C., San Antonio, for Atascosa Hospital Association, Inc.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## OPINION

RICKHOFF, Justice.

In this case of first impression, appellants Atascosa County ("the county") and the Jourdanton Independent School District ("the school district") seek to compel appellee Atascosa County Appraisal District ("the appraisal district") to make retroactive a change in status for property owned by appellee Atascosa Hospital Association Inc. ("the hospital"). After appellants filed a challenge petition, the Atascosa County Appraisal Review Board ("the board") revoked the hospital's charitable exemption for the then-current tax year but resisted their attempt to force it to revoke the exemption for the four previous tax years. The trial court granted summary judgment to the appraisal district and the hospital on the county's and the school district's claims. Approving the

construction of the statute suggested by the Comptroller of Public Accounts, we affirm the judgment of the trial court as to the hospital. However, we find the trial court erred in granting summary judgment for the district because the district did not ask for summary judgment. We therefore affirm in part and reverse and remand in part.

### FACTS

In 1995, Atascosa County and the Jourdanton Independent School District challenged the "exempt" status granted the hospital for the land, buildings and equipment which constitute Mercy Hospital. Atascosa Hospital Association is a nonprofit corporation; however, since the mid–1980s it has leased Mercy Hospital to for-profit organizations. In their challenge [1] before the Atascosa County Appraisal Review Board, the county and the school district asked that the board find the exemption was improperly granted for the years 1990–94 and add the property to the tax rolls. The board granted that request as to 1995 but denied it for previous years; the county and the school district brought suit to compel such a re-evaluation(citing TEX. TAX CODE ANN. §§ 11.43(i) and 25.21 (Vernon 1992 & Supp.1998)).

The hospital moved for summary judgment. The court granted the motion on grounds that the county and the school district had received all the relief they were entitled to by revocation of the exemption for 1995, and that their request for retroactive relief was barred by "limitations and/or lack of standing for tax years prior to 1995."

In eleven points of error the county and the school district argue the trial court should not have granted summary judgment for the district; that the trial court erred in its construction of the Tax Code; that the trial court erred in quashing their effort to depose the district's representative; and that the trial court improperly considered a letter from the comptroller's office in making its decision.

### STANDARD OF REVIEW

The party moving for summary judgment has the burden of showing that no genuine

1. TEX. TAX CODE ANN. § 41.01–04 (Vernon 1992 & Supp.1998).

issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant; every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon,* 690 S.W.2d at 548–549.

■ Here we are faced with construction of various provisions of the Texas Tax Code. As a question of law, statutory construction is an appropriate topic for summary judgment. TEX.R. CIV. P. 166a(c); *City of Dallas v. Cornerstone Bank,* 879 S.W.2d 264, 269 (Tex.App.—Dallas 1994, no writ).

We construe a statute to give effect to the legislative intent; where language in a statute is unambiguous, we must seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Monsanto Co. v. Cornerstones Mun. Util. Dist.,* 865 S.W.2d 937, 939 (Tex.1993). Words in statutes have their ordinary meaning unless the statute defines them or they are connected with and used with reference to a particular trade or subject matter or are a term of art. TEX.GOV'T CODE ANN. § 311.011 (Vernon 1988). In construing a statute, regardless of whether the statute is considered ambiguous on its face, we may consider administrative construction of the statute, the object sought to be attained and the consequences of any particular construction. TEX.GOV'T CODE ANN. § 311.023 (Vernon 1988).

### THE DISTRICT'S ENTITLEMENT

■ As a preliminary matter, we find the trial court erred in entering judgment for a party who did not move for summary judgment. *See Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984); *Gainesville Oil & Gas Co. v. Farm Credit Bank of Texas,* 795 S.W.2d 826 (Tex.App.—Texarkana 1990, no writ); TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS, PRACTICE, PROCEDURE AND REVIEW § 3.01 (2d ed.1996).

Teer sued the City of Bellaire and two co-defendants over the validity of a zoning ordinance. The two co-defendants moved for, and were granted, summary judgment; Bellaire was included in the grant of summary judgment, although the city did not move for summary judgment. *Teer,* 664 S.W.2d at 702–703. The Supreme Court held this was error: "City was not a party to the summary judgment proceedings either as movant or non-movant, and whether City received a favorable or adverse judgment, the trial court erred in finally adjudicating the rights of that party." *Teer,* 664 S.W.2d at 703.

So it is with the district. As in *Teer,* the district filed no motion, gave no notice, and produced no affidavits. It was therefore error to grant it summary judgment. *Id.* Plaintiffs' seventh point of error is therefore sustained.

Because this judgment purported to be a final judgment, we now consider the merits of the summary judgment granted in favor of the hospital. *Bandera Elec. Co-op. v. Gilchrist,* 946 S.W.2d 336, 337 (Tex.1997).

### THE TAX CODE

The trial court found that "Plaintiffs' claims asserted herein are, as a matter of law, moot as to tax year 1995, and barred by limitations and/or lack of standing for tax years prior to 1995." In other words, the trial court construed the Tax Code to say that taxing entities may not use the challenge petition process found at section 41 of the Tax Code to compel the chief appraiser to act pursuant to section 11.43(i) and 25.21 of the Tax Code. We must determine if this is the correct reading to be given these statutes.

The county and the school district argue that this language from the Tax Code authorizes, indeed mandates, this retroactive assessment:

§ 11.43. **Application for Exemption**
 \* \* \*

(i) If the chief appraiser discovers that an exemption that is not required to be claimed annually has been erroneously allowed in any one of the five preceeding years, he shall add the property or appraised value that was erroneously ex-

empted for each year to the appraisal roll as provided by Section 25.21 of this code for other property that escapes taxation.

* * *

## § 25.21 Omitted Property

(a) If the chief appraiser discovers that real property was omitted from an appraisal roll in any one of the five preceding years or that personal property was omitted from an appraisal roll in one of the two preceding years, he shall appraise the property as of January 1 of each year that it was omitted and enter the property and its appraised value in the appraisal records.

(b) The entry shall show that the appraisal is for property that was omitted from an appraisal roll in a prior year and shall indicate the year and the appraised value for each year.

The county and the school district also argue that they are granted standing by TEX. TAX CODE ANN. § 43.01–.04 (Vernon 1992), which govern the remedies a taxing entity has against a taxing district.

On the other hand, appellees argue that because a challenge petition is involved in this procedure, the applicable statutory provision is found in TEX. TAX CODE ANN. § 41.04 (Vernon 1992):

## § 41.04. Challenge Petition

The appraisal review board is not required to hear or determine a challenge unless the taxing unit initiating the challenge files a petition with the board before June 1 or within 15 days after that date that the appraisal records are submitted to the appraisal review board, whichever is later. The petition must include an explanation of the grounds for the challenge.

In their answer, and Motion for Summary Judgment, appellees contend that the remedies outlined in 25.21 and 11.43(i) are exclusively available to the tax appraisal officer acting on his own, and that § 41.04 contains the limitation provision which applies to a taxing entity's contest of an appraisal district action.

## INTERPRETATION OF THE CODE

It is clear that the Tax Code is unclear on the point brought forward by the county and the school district. However, we find the construction urged by them strained and implausible for several reasons.

The first problem lies in the fact that their remedies against the appraisal district are grouped under Chapter 43 of the code, which is titled "Suit Against Appraisal Office." However, the code specifically provides that "Except as provided by Chapters 41 and 42 of this code and by this section, the appraisal roll may not be changed." TEX. TAX CODE ANN. § 25.25(a). This cuts against the position of the county and the school district in two ways. First, they are not authorized by the chapter which contains their remedies to change the tax rolls. Secondly, if changes in the rolls are authorized under section 11.43(i), although those changes are not authorized under section 25.25, it must mean that those changes are to be done while the roll is still being compiled—that is, prior to any anticipated involvement by entities outside the taxing district. In other words, 11.43(i) appears to be within the exclusive province of the chief appraiser. We should be reluctant to disturb the allocation of power made by the code among appraisal districts, the taxing entities and taxpayers.

The second problem with the county's and the school district's interpretation is the use of the word "discover" in sections 11.43(i) and 25.21 of the Code. "Discover" has been construed to mean uncovering something which was hidden, concealed or unknown, as in an oversight or inadvertent mistake. *Stanolind Oil & Gas Co. v. State,* 114 S.W.2d 699, 706 (Tex.App.—Austin 1937, *rev'd on other grounds,* 136 Tex. 5, 133 S.W.2d 767 (1939)). There is no argument from the county and the school district that the status of the hospital's property was unknown to, or overlooked by, the chief appraiser of the district. It seems to us more plausible that use of the word "discover" in sections 11.43(i) and 25.21 is intended to give the appraiser latitude to correct inadvertent omissions or oversights.

■ Third, this reading of the Code is buttressed by the interpretation of the agency charged with interpreting the Code. The hospital supplemented its summary judgment evidence with a letter from Dennis Hart, an information specialist with the property tax division of the Comptroller of Public Accounts. The letter states, in pertinent part:

> Section 41.03, Property Tax Code, allows a taxing unit to file a challenge with the [Appraisal Review Board] concerning an exemption that the chief appraiser granted for the current year. Based on this office's interpretation of the Property Tax Code, we agree that the remedy provided by Property Tax Code Section 41.03 is not retroactive for prior years. Section 41.04 states that the deadline for filing the challenge petition is before June 1 or within 15 days after the date that the chief appraiser submits the appraisal records to the ARB, whichever is later. Section 41.07(c) requires the ARB to determine all challenges before approval of the current year's appraisal records. Section 25.25 allows the chief appraiser or a taxpayer to protest to the ARB certain issues on the appraisal roll for the current year and prior four years. Taxing units **cannot** make such a challenge under section 25.25.

> We also agree that a taxing unit challenge petition cannot compel the chief appraiser to comply with the provisions of Section 11.43(i), Property Tax Code. However, Sec. 11.43(i) **requires** the chief appraiser to remove an erroneously allowed exemption and add the property or appraised value that escaped taxation to the appraisal roll(s).

(emphasis in original)

■ While the county and the school district argue by their first point of error that it was error to consider this letter, we disagree. Such letters have been construed to be not binding, but instructive, in construing the Tax Code. *New v. Dallas Appraisal Review Board,* 734 S.W.2d 712, 714 n. 4 (Tex.App.—Dallas 1987, writ denied). We also note that the Comptroller's office is empowered to prescribe forms and adopt rules regarding property tax administration. *See,*

*e.g.,* TEX. TAX CODE ANN. § 1.111(h) (Vernon 1992); TEX. TAX CODE ANN. §§ 5.03, 5.04. If the meaning of a provision in a statute is doubtful or ambiguous, the construction placed on that provision by an agency charged with its administration is entitled to weight. *Calvert v. Kadane,* 427 S.W.2d 605, 608 (Tex.1968). Moreover, construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute. *Tarrant Appraisal Dist. v. Moore,* 845 S.W.2d 820 (Tex.1993). Therefore, we find the trial court did not err in considering the letter.

The construction advanced by the letter is consonant both with the plain language and the structure of the Code; therefore we endorse its construction of the statutes as the correct one.

■ For all of the reasons listed above, we find that the Tax Code does not permit taxing entities to use the challenge petition process to compel the Atascosa County Appraisal District to revoke retroactively the charitable exemption granted Atascosa Hospital Association. Because they may not use the challenge petition process for prior tax years, limitations has run; alternatively, because they are not among the parties who may cause a retroactive revocation of an exemption, they have no standing to pursue further relief. We therefore find it unnecessary to reach appellants' eleventh point of error about the trial court's decision to quash their deposition of the hospital's representative.

### CONCLUSION

The judgment of the trial court as to Atascosa Hospital Association is affirmed. The judgment of the trial court as to Atascosa County Appraisal District is reversed and remanded for proceedings consistent with this opinion.