In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-400 CV


____________________



GRADY H. WOODS AND MONROE WOODS, Appellant



V.



MARY ELIZABETH WOODS, Appellee






On Appeal from the 1st District Court


Newton County, Texas


Trial Court Cause No. 11045






MEMORANDUM OPINION


 Grady H. Woods and Monroe Woods appeal the trial court's real property partition
judgment. Appellee Mary Elizabeth Woods is the step-mother of Grady and is Monroe's
mother. Grady and Monroe sued her to obtain a partition of property. Their petition listed
five tracts of land. Also included in the petition was a paragraph alleging that appellee
converted automobiles and other items of personal property belonging to Monroe. 

 On June 21, 2001, the trial court conducted an evidentiary hearing on the partition
petition at which time the following exchange occurred:

 [Counsel for Grady and Monroe]: Oh, Your Honor, there is one other
issue. I'm sorry. In the petition there is also reference to some personal
property of Monroe Woods that was on the property. We're going to sever
that, or not necessarily sever that, but we're going to reserve that for a different
proceeding because it's not the same issue essentially.


 THE COURT: All right.


 [Grady and Monroe Counsel]: And that may be something that we take
up after the real property issues are determined. 


 [Counsel for Mary Elizabeth]: That's my understanding, Your Honor. 


 THE COURT: You may call your witness.


The only evidence presented to the trial court dealt with the partition of the real property in
question. On January 18, 2002, the trial court entered an order entitled, "Decree Ordering
Partition and Appointing Commissioners." This order addressed the partition of the five real
property tracts in question. It did not refer to the personal property conversion cause of
action.

 Commissioners were appointed, and they eventually filed their findings and
recommendations with the trial court on April 30, 2002. Grady and Monroe filed objections
to the commissioners' findings and recommendations on July 15, 2002. Mary Elizabeth filed
her response to the objections on July 23, 2002, and argued that because Grady and Monroe
did not file their objections within thirty days after the commissioners' report was filed, their
objections were not timely and should not be considered. On September 17, 2002, the trial
court wrote to counsel for the parties stating: "In my opinion, when objections were not filed
in 30 days, the parties are deemed to have accepted the Report." 

 The trial court signed a judgment, which states the court "adopts the Commissioners'
Report as its judgment." There is no language in the judgment expressly ruling on the
conversion cause of action. There are no orders in the record severing the real property
partition claim from the personal property conversion claim. The judgment does contain a
so-called "Mother Hubbard clause," (1) stating: "All relief not expressly granted herein is
DENIED." Grady and Monroe contend the judgment was not final as it did not dispose of
the conversion claim. 

 When there has not been a conventional trial on the merits, an order or judgment is
not final for purposes of appeal unless it actually disposes of every pending claim and party
or unless it clearly and unequivocally states that it finally disposes of all claims and all
parties. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). The inclusion of a
"Mother Hubbard clause" does not establish that a judgment rendered without a conventional
trial is final for purposes of appeal. Id. at 203-04. The judgment here does not dispose of
the conversion cause of action, which the parties expressly reserved for some future
proceeding with apparent agreement by the trial court. No conventional trial on the merits
occurred here, as the judgment was entered due to a failure to timely object to the
commissioner's report. A subsequent evidentiary hearing, stemming from a motion for
rehearing and motion to set aside the judgment, is silent as to the conversion claim. The trial
court denied the motion to set aside the judgment without comment.

 We conclude the trial court's judgment of May 12, 2003, is not a final judgment. We
lack jurisdiction to review judgments that are not final. Lehmann, 39 S.W.3d at 195. 
Accordingly, we dismiss the appeal for lack of jurisdiction. 

 APPEAL DISMISSED. 


 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on April 8, 2004

Opinion Delivered April 29, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. See Teer v. Duddlesten, 664 S.W.2d 702, 704 (Tex. 1984).