In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-220 CV


____________________



SHARON PASSMORE, MARK DICKMEYER, 


and JOHN DICKMEYER, Appellants



V.



RUBY DICKMEYER, Appellee






On Appeal from the 88th District Court


Tyler County, Texas


Trial Cause No. 19,126






MEMORANDUM OPINION


 Appellants Sharon Passmore, Mark Dickmeyer, and John Dickmeyer appeal a
summary judgment granted in favor of appellee Ruby Dickmeyer ("Ruby"). In four issues,
appellants argue the trial court improperly applied the traditional summary judgment burden
of proof and erred in dismissing the wrongful death cause of action based upon the statute
of limitations and deemed admissions. We affirm.

 After appellants' father, Robert A. Dickmeyer ("Robert") died, appellants brought
wrongful death and conversion causes of action against Robert's wife Ruby. Appellants
alleged that after Robert suffered a heart attack, Ruby acted against the advice of Robert's
physicians and discharged him from the hospital before he could receive rehabilitative
therapy. Appellants alleged that Robert "never regained his health and subsequently passed
away much sooner tha[n] he would have if given the proper rehabilitation therapy." 
Appellants also alleged Ruby failed to return personal items Robert gave them prior to his
death. 

 Ruby filed a hybrid motion for summary judgment that asserted both traditional and
no-evidence grounds. In the traditional assertions for summary judgment, Ruby contended
that appellants could not sustain the element of causation in their wrongful death cause of
action, and she submitted Robert's medical records and death certificate as summary
judgment evidence to show that Robert died as a result of prostate cancer, a urinary tract
infection, and renal failure. Ruby further asserted the appellants could not prove they owned
any property made the subject of the conversion suit because by failing to respond to requests
for admissions, appellants admitted sufficient facts to prove as a matter of law that Robert's
will devised all of his property to Ruby. Ruby also contended the "Dead Man's Rule"
prevented the appellants from testifying to any oral statements their father made in regard to
the alleged gifts. See Tex. R. Evid. 601(b). Ruby contended that any cause of action for
wrongful death was barred by the statute of limitations because Robert suffered a heart attack
approximately four years before appellants filed suit. In the no-evidence portion of the
motion for summary judgment, Ruby argued appellants could not prove the elements of their
causes of action for wrongful death and conversion because there was no evidence Ruby had
a duty to provide Robert with rehabilitation care, that the alleged failure to provide such care
caused his death, or that Robert gave appellants any property prior to his death. 

 Appellants opposed the motion for summary judgment on the grounds that Ruby's
motion relied on a request for admission that involved legal conclusions that appellants were
not qualified to render. Appellants also noted that Ruby's motion for summary judgment
relied upon two requests for admissions that contained inaccuracies. Appellants further
argued Ruby's summary judgment evidence indicated Ruby implicitly accepted the
responsibility to assist Robert in his "health care" because Robert's physician showed Ruby
how to irrigate his catheter. Appellants asserted Texas Rule of Evidence 601(b) did not
apply because they did not sue Ruby in her capacity as executor, administrator, or guardian,
and they were not Robert's heirs because he died testate. See Tex. R. Evid. 601(b). 
Appellants did not attach any summary judgment evidence to their response. The trial court
granted summary judgment in Ruby's favor without specifying the ground or grounds relied
on for the ruling. (1) 

 We review the trial court's grant of summary judgment de novo. Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). A movant for traditional
summary judgment has the burden of proving all essential elements of its cause of action or
defense as a matter of law. Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex.1990). 
By contrast, when a party moves for summary judgment under rule 166a(i), asserting that no
evidence exists as to one or more elements of a claim on which the nonmovant would have
the burden of proof at trial, the burden is on the nonmovant to present evidence raising a
genuine issue of material fact on each of the challenged elements. Gen. Mills Rests., Inc. v.
Tex. Wings, Inc., 12 S.W.3d 827, 832 (Tex. App.--Dallas 2000, no pet.) (citing Tex. R. Civ.
P. 166a(i) cmt.). If the nonmovant fails to do so, the trial judge must grant the motion. Id. 
When a trial court's order granting summary judgment does not state the grounds relied upon
for its ruling, an appellate court will affirm the judgment if any theories advanced are
meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). 

 In their first and second issues, appellants assert the trial court erred in granting
Ruby's motion for traditional summary judgment. Ruby presented argument and submitted
evidence in support of the traditional summary judgment grounds she asserted. However,
Ruby also alleged no evidence grounds as to certain elements of appellants' wrongful death
and conversion causes of action. The burden then shifted to appellants to produce evidence
raising a genuine issue of material fact on the challenged elements. See Gen. Mills Rests.,
12 S.W.3d at 832; Tex. R. Civ. P. 166a(i) cmt. 

 Ruby challenged appellants' wrongful death suit by arguing there was no evidence
Ruby owed Robert a duty to provide cardiac rehabilitation therapy or that such failure caused
his death. The wrongful death statute states, "A person is liable for damages arising from
an injury that causes an individual's death if the injury was caused by the person's or his
agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default." Tex. Civ.
Prac. & Rem. Code Ann. § 71.002(b) (Vernon 1997). In response, appellants failed to
attach affidavits, discovery, or other evidence to prove that Ruby's wrongful act, neglect,
carelessness, unskillfulness, or default was a cause of Robert's death. See id. Appellants
have failed to produce evidence raising a genuine issue of material fact on the causation
element of their wrongful death action. Thus, the trial court properly granted summary
judgment in favor of Ruby on appellants wrongful death suit. See Tex. R. Civ. P. 166a(i). 
 Ruby also challenged the ownership element of appellants' conversion claim.
"Conversion is the wrongful assumption and exercise of dominion and control over the
personal property of another to the exclusion of, or inconsistent with, the owner's rights."
Burns v. Rochon, 190 S.W.3d 263, 267-68 (Tex. App.--Houston [1st Dist.] 2006, no pet.)
(citing Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971)). To establish a
claim for conversion of personal property, a plaintiff must prove that: (1) the plaintiff owned
or had possession of the property or was entitled to possession; (2) the defendant unlawfully
and without the plaintiff's authorization assumed and exercised control over the property to
the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff
demanded return of the property; and (4) the defendant refused to return the property. Id. 190
at 268. Ruby contended there was no evidence that Robert gave appellants property prior to
his death. In response to Ruby's no-evidence motion for summary judgment, appellants did
not produce any evidence to show Robert gave them any property prior to his death or that
they otherwise owned any property made the subject of their conversion cause of action. The
trial court properly granted summary judgment in Ruby's favor on the conversion cause of
action. See Tex. R. Civ. P. 166a(i). Issues one and two are overruled and the judgment is
affirmed. (2) 

 AFFIRMED. 
 
 ________________________________

 CHARLES KREGER

 Justice


Submitted February 2, 2006

Opinion Delivered December 14, 2006



Before McKeithen, C.J., Kreger and Horton, JJ.
1. Ruby's first amended answer asserted a counterclaim for court costs and
attorney's fees. The summary judgment became final when the trial court severed the
counterclaim from the causes of action at issue. See Teer v. Duddlesten, 664 S.W.2d 702,
703 (Tex. 1984). 
2. Because our holding is dispositive of this appeal, we need not reach appellants
remaining issues.