# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00806-CV

**John L. Wiley and Randi Wiley, Appellants**

**v.**

**William H. Carmean and Linda D. Carmean; Thomas R. Page; Edward J. Mitschke, Jr.; Texas Country Title Co.; and Chicago Title Insurance Company, Appellees**

### FROM THE DISTRICT COURT OF LEE COUNTY, 335TH JUDICIAL DISTRICT NO. 13,761, HONORABLE REVA TOWSLEE CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants John L. Wiley and Randi Wiley appeal the trial court's order granting partial summary judgment for appellee Chicago Title Insurance Company. Chicago Title Insurance Company has filed a motion to dismiss for lack of jurisdiction with this Court, contending that the order did not dispose of appellants' claims against other defendants and, therefore, that it is a non-appealable, interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, .014 (West 2008 & Supp. 2010); *Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 200 (Tex. 2001) (judgment final for purposes of an appeal if it disposes of all pending parties and claims before the trial court).

Appellants have filed a response and unopposed motion to stay proceedings. Appellants agree that the order being appealed is not final and appealable and request a stay of all proceedings until such time as a severance order is obtained from the trial court. *See Teer*

*v. Duddlesten*, 664 S.W.2d 702, 703-04 (Tex. 1984) (without severance, summary judgment which does not dispose of all parties and issues is interlocutory and not appealable).

Texas Rule of Appellant Procedure 27.2 provides that an appellate court may permit a party to cure a prematurely filed appeal by allowing "an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2. We, therefore, abate this appeal to give appellants 60 days after the date of this order to take action to cure the jurisdictional defect and to pay for and request a supplemental clerk's record containing a signed order of severance or an order otherwise disposing of the remaining claims against the other defendants. Failure to comply with this order will result in dismissal of this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, order).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Abated

Filed:  July 12, 2011