

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00400-CV

———————————————

IN THE INTEREST OF A.S. AND C.S., CHILDREN

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 2013-20522-158

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack
Concurring Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

## I. INTRODUCTION

In this suit affecting the parent-child relationship, Appellant Father[1] attempts to appeal from an order granting the motion for no evidence summary judgment of Appellee Mother and dismissing Father's petition to modify the conservatorship of the children. In response to the two issues raised by Father, Mother first argues that the summary judgment entered by the trial court is not final. We agree and dismiss the appeal for want of jurisdiction.

## II. BACKGROUND

On April 2, 2014, the trial court entered an agreed final decree of divorce between Father and Mother. More than three years later, Father filed his "Original Petition to Modify Conservatorship, Possession/Access, and Request for Temporary Orders." Thereafter, Mother filed a "Counterpetition to Modify Parent-Child Relationship." Both Father and Mother amended their pleadings, with Father requesting modification of joint managing conservatorship and child support and Mother requesting an increase in child support and the issuance of temporary orders.

After discovery, Mother filed "Respondent's Motion for No Evidence Summary Judgment, and in the Alternative, Motion to Dismiss." The motion alleged that, after an adequate time for discovery, there was no evidence to support the

---

[1]Because one of the children is still a minor, we refer to the parties as Father and Mother. *See* Tex. Fam. Code Ann. § 109.002(d).

request of Father for modification of custody. Prior to the October 25, 2018 hearing on the motion, Father filed his response to the motion. At the hearing, the trial court granted the motion for no evidence summary judgment.

In the "Order Granting [Mother's] Motion to Dismiss" signed on November 7, 2018, the trial court found that "there is no genuine issue of material fact as to [Father's] claim for a modification of the prior order[,]" granted the motion for no evidence summary judgment, and "dismiss[ed] [Father's] petition to modify the conservatorship of the children the subject of this suit." The order added,

> The Court may reconsider attorney fees and court costs if a final hearing is necessary to resolve the remaining issues.
>
> . . . .
>
> This judgment disposes of all [Father's] claims, leaving only [Mother's] claim for modification of support for the final trial. This Judgment is final and appealable.

In its "Judicial Docket Entries" on October 25, 2018, the trial court noted:

> Judicial Docket Entry (Relief not timely pursued, including custody evaluation. Change in custody dismissed. *Child support is live.* Attorneys admonished that *support issue will involve attorney fees* if not resolved prior to hearing. The court also instructed counsel how the court normally calculates child support and the arrearages associated with such.) [Emphasis added.]

Father appealed from the November 7, 2018 order. On January 15, 2019, Mother gave notice that the final trial in the case was reset for March 7, 2019.

3

### III. Discussion

In his brief, Father raises two issues attacking the order granting the motion for no evidence summary judgment. First, he contends that the trial court abused its discretion when it did not make a record of the hearing. Second, he argues that the trial court does not have authority to grant a motion for no evidence summary judgment if a genuine issue of material fact exists. In response, Mother first contends that the summary judgment is not a final judgment in this case. As Mother notes, "While the *Order Granting Respondent's Motion to Dismiss* stated that the judgment was final and appealable, the [t]rial [c]ourt expressly reserved the question of child support and Mother's request for attorney's fees for a final trial." And, she argues, "Since the judgment did not dispose of all parties or issues, the summary judgment was interlocutory and therefore not appealable." Father has not replied to this contention. We agree with Mother that the summary judgment is not final, and therefore, we lack jurisdiction over this appeal.

This court has appellate jurisdiction only over final judgments and certain interlocutory orders. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 92 (Tex. 2012); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). We have jurisdiction to consider

4

immediate appeals of interlocutory orders only if a statute expressly provides us with such jurisdiction. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *see also Dallas Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 758–59 (Tex. 2019) (noting that Section 51.014 allows interlocutory appeals in certain listed types of cases and "from any order that 'involves a controlling question of law as to which there is a substantial ground for difference of opinion' if permitted by the trial court, accepted by the court of appeals, and 'an immediate appeal . . . may materially advance the ultimate termination of the litigation'").

In *Lehmann*, the Texas Supreme Court "revisit[ed] the persistent problem of determining when a judgment rendered without a conventional trial on the merits is final for purposes of appeal." *Lehmann*, 39 S.W.3d at 192. It also reexamined the Mother Hubbard clause[2] and concluded that it "proved to give no indication of finality not just because it found its way into every kind of order, but because it was inherently ambiguous." *Id.* at 206. The court stated,

> An order does not dispose of all claims and all parties merely because it is entitled "final[,"] or because the word "final" appears elsewhere in the order, or even because it awards costs. Nor does an order completely dispose of a case merely because it states that it is appealable, since even interlocutory orders may sometimes be appealable. . . .
>
> To determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to

---

[2]The catch-all statement that "all relief not expressly granted is denied" was denominated a "Mother Hubbard" clause in *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex. 1984); *accord Lehmann*, 39 S.W.3d at 198, 203.

the record in the case. . . . [I]f the record reveals the existence of parties or claims not mentioned in the order, the order is not final.

*Id.* at 205-06. If an "original order's finality phrase [is] clear, unequivocal, and neither ambiguous nor absurd," the record is irrelevant to determining whether the order is final. *In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (orig. proceeding) (per curiam). However, if the order's language is ambiguous, we examine the record to determine finality. *See Pope-Nixon v. Howard*, No. 05-18-01215-CV, 2019 WL 911745, at *1 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op.) (citing *Elizondo*, 544 S.W.3d at 827–28).

Despite the intent of *Lehmann* to fully address the issue of finality, the problem, as evident in this case, persists.[3] When a trial court adheres to *Lehmann* and includes finality language,[4] it is incumbent upon the trial court to ensure that the finality language actually applies. Including language that directly contradicts finality such as that found in this case leaves the litigants in no better place than did a Mother Hubbard clause. Finality, and therefore appealability, is unclear and uncertain.

Mother's motion for no evidence summary judgment addressed modification of possession; it did not address the claim for support. While the order granting the

---

[3]*See, e.g., In re L.T.*, No. 02-19-00161-CV, 2019 WL 3334618, at *1–2 (Tex. App.—Fort Worth July 25, 2019, no pet.) (per curiam) (mem. op.) (sorting out finality of trial court's "Interlocutory Final Order").

[4]"A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention." *Lehmann*, 39 S.W.3d at 206.

summary judgment and dismissing Father's petition to modify the conservatorship of the children contained finality language, the order and the docket sheet entry reflected that Mother's claims for modification of support as well as attorney's fees remained for trial. The lack of finality is also shown by the notice of trial setting that was filed after the complained-of order was entered. And, while we have jurisdiction over appeals from interlocutory orders that by statute are appealable, Father has not shown that a statute permits an interlocutory appeal of the order granting Mother's motion for no evidence summary judgment. For these reasons, we agree with Mother that the order granting her motion for no evidence summary judgment and dismissing Father's claim for modification of the conservatorship of the children is not final and that this appeal should be dismissed for want of jurisdiction.

## IV. CONCLUSION

Because the order granting the motion for no evidence summary judgment is not final and no statute authorized an interlocutory appeal from the order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Dana Womack

Dana Womack
Justice

Delivered: November 14, 2019

7