COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | |
| | § | |
| In re: | § | No. 08-19-00180-CV |
| | § | |
| WHATABURGER RESTAURANTS, L.L.C., | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relator. | § | |
| | § | |

## **O P I N I O N**

Relator Whataburger Restaurants, L.L.C. seeks a writ of mandamus compelling the Honorable Ruben Morales, judge of the County Court at Law No. 7 of El Paso County, to grant a motion to reconsider his previous decision denying Whataburger's motion to compel arbitration against real party in interest Yvonne Cardwell. The petition for the writ of mandamus is denied.

To be entitled to mandamus relief, a relator generally must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004)(orig. proceeding). Second, the relator must demonstrate that there is no adequate remedy by appeal.[1] *Id*. at 135-36. The burden is on the relator to show he

---

[1] The Supreme Court of Texas has held "that a party does not forfeit its right to challenge a ruling on appeal from a final judgment simply by opting not to pursue an interlocutory appeal of that ruling." *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020)("[O]ur rule has long been that 'a party against whom

1

is entitled to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005)(orig. proceeding). After reviewing the mandamus petition and record, we conclude that Relator has failed to show that he is entitled to mandamus relief. Accordingly, we deny the motion for temporary relief and the petition for writ of mandamus.

January 6, 2021

                              YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.
Alley, J., Dissenting

---

an interlocutory [order] has been rendered will have his right of appeal when . . . the same is merged in a final judgment disposing of the whole case.'")(citing *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex. 1984)).