**Appeal Dismissed and Memorandum Opinion filed March 29, 2022.**



**In The**

## Fourteenth Court of Appeals

### NO. 14-22-00065-CV

**WAYNE TRAYWICK, Appellant**

**V.**

**HOUSTON FREIGHTLINER, Appellee**

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-84554**

### MEMORANDUM OPINION

This is an attempted accelerated appeal from an interlocutory summary judgment signed November 29, 2021 dismissing appellant Wayne Traywick's request for exemplary damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.0115(d); Tex. R. Civ. P. 166(i). The appellate record does not contain other orders that would create a final judgment, and the interlocutory summary judgment lacks any apparent basis for being immediately appealable. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (acknowledging the general rule that

"interlocutory orders are not immediately appealable"); *see also Teer v. Duddlesten*, 664 S.W.2d 702, 704 (quoting *Pan Am. Petroleum Corp. v. Tex. Pac. Coal & Oil Co.*, 324 S.W.2d 200, 201 (Tex. 1959) (per curiam)) ("In the absence of an order of severance, a party against whom an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case.").

Plaintiff's notice of appeal was marked as filed January 31, 2022, though there is an earlier timestamp indicating the document was at least received by the trial court clerk on January 30, 2022. Regardless of which date is the correct one, the document was filed beyond the deadline for filing a notice of appeal in an accelerated appeal from an interlocutory order. *See* Tex. R. App. P. 26.1(b) (requiring notice of appeal to be filed within 20 days after underlying judgment or order is signed); *see also* Tex. R. App. P. 28.1(a) (noting that appeals from interlocutory orders are accelerated appeals); *In re A.A.S.*, 367 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (acknowledging motions that could otherwise extend deadline for filing notice of appeal to 90 days have no such effect on deadline for filing notice of appeal in accelerated appeal).

On February 14, 2022, this court informed appellant of the lack of any appealable order or timely notice of appeal and provided notice that the appeal was subject to involuntary dismissal if he failed to show meritorious grounds for continuing the appeal. Tex. R. App. P. 42.3(a). Appellant filed no response to the notice. Accordingly, due to the lack of any basis for exercising jurisdiction over this appeal, we dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.