NO. 07-04-0035-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 23, 2004

_____

CARL J. NICHOLS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 87,344-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Carl J. Nichols proceeding *pro se* and *in forma pauperis* filed a notice of appeal from the trial court's order of dismissal for want of prosecution. The order was signed on October 6, 2003, and the notice of appeal was filed on January 28, 2004. We dismiss this purported appeal for want of jurisdiction.

A notice of appeal is due to be filed within 30 days after a judgment is signed unless one of the extension provisions of Rule 26.1(a) of the Texas Rules of Appellate Procedure applies extending the time to 90 days. The order of dismissal Nichols is challenging was signed on October 6, 2003. In his notice of appeal filed on January 28, 2004, he asserts he filed a motion to reinstate on October 28, 2003. The clerk's record, however, does not contain a motion to reinstate or any other post-judgment motion that would extend the time in which to file the notice. This Court directed Nichols to reasonably explain why his appeal should not be dismissed for want of jurisdiction. Relying on Rules 44.1 and 44.4 of the Texas Rules of Appellate Procedure, Nichols responded by filing a motion for reversible and remediable error.

By his motion, Nichols requests that due to his incarceration and his status as a mental patient, he be given more latitude than a licensed attorney. He relies on Haines v. Kerner, 404 U.S. 519, 520 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), which suggests that *pro se* pleadings be construed more liberally than those filed by attorneys. Nevertheless, unless our jurisdiction is properly invoked, we have no authority to address the merits of Nichols's motion. *See* Bethurum v. Holland, 771 S.W.2d 719, 722 (Tex.App.–Amarillo 1989, no writ) (holding that when an appellate court determines it lacks jurisdiction, it can only dismiss the appeal).

Assuming *arguendo* that Nichols filed a post-judgment motion, the deadline, including the 15-day extension provided by Rule 26.3, would have been extended to

2

January 20, 2004.  Thus, the notice of appeal filed on January 28, 2004, is untimely and our jurisdiction was not properly invoked.

Accordingly, this purported appeal is dismissed for want of jurisdiction and Nichols's motion for reversible and remediable error is moot.

Don H. Reavis
Justice